# T. W. RAWLINS *v.* MARAEA K. HARBOTTLE and WILLIAM HARBOTTLE.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### SUBMITTED JANUARY 7, 1901.    DECIDED FEBRUARY 27, 1901.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

An instrument wherein were three clauses by the first of which a life estate in a certain parcel of land specifically described was conveyed and by the second and third of which one half of the income of certain other pieces of land was secured to the parties named for life, contained a succeeding clause reading as follows: "And these pieces of land above described, the rights and benefits therefrom is what I do now convey to M. K. Harbottle and W. Harbottle, her husband, for their lifetime and at their death all these things shall revert to me and my heirs and this instrument shall become null and void." Held, that the latter clause was merely a habendum, and did not convey a life estate in the land described in the second clause.

Held, that the grant for life of one half of the income of the land set forth in the second clause did not, as matter of law, carry with it

a grant for life of one half of the land itself or the right of posses-
sion thereto.

OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment brought to recover possession of
a piece of land situate at Palama, Honolulu. The court, trial
by jury having been waived, found for the plaintiff for the whole
land, and the case now comes to this court on exceptions.

The facts, which are undisputed, are as follows: on November
30, 1895, Maraea K. Harbottle and William Harbottle, the pres-
ent defendants, for a valuable consideration conveyed to T. W.
Rawlins, the present plaintiff, a certain parcel of land which in-
cludes all of the land claimed in the declaration and other land
containing 7200 square feet in area additional, and also certain
land in Hamakua, Hawaii. On the same day and as a part of
the same transaction, Rawlins executed and delivered to the Har-
bottles an instrument in writing concerning the same land. De-
fendants are in possession of all of the Palama land.

The question in the case is solely one of the construction of
the instrument last named, the material portions of which, trans-
lated, are (after the statement of the names of the parties and
the consideration): "Therefore, I do make and sell and convey
and relinquish the things described below, and in accordance
with the agreement by both parties.

"First. T. W. Rawlins agrees hereby to convey to Maraea
Kealia Harbottle (w) and William Harbottle (k) her husband
for their lifetime a certain portion in the piece of land awarded
to Rawlins by Royal Patent No. 109, L. C. A. No. 518, situate
at Kapalama, Honolulu, Oahu, the boundaries of which as con-
veyed for their lifetime is as follows:" (here follows a descrip-
tion of the 7200 square feet mentioned above and not the sub-
ject of this controversy).

"Second. T. W. Rawlins hereby agrees that Maraea Kealia
Harbottle (w) and William Harbottle her husband shall have for
their lifetime the right to one half of the income (na loaa) of a
portion of the piece of land awarded to Rawlins, situate at Ka-

palama, by R. P. No. 109, L. C. A. No. 518. But if, however,
houses should be built and improvements perhaps made upon the
land aforesaid, then Maraea Kealia Harbottle (w) and William
Harbottle (k) her husband shall pay one half of all the expenses
for all such new works.

"Third. T. W. Rawlins aforesaid agrees that said Maraea
Kealia Harbottle (w) and William Harbottle (k) her husband
shall have for their lifetime the half of all the income of that
piece of land awarded to Paumana by R. P. No. 2500, L. C. A.
No ——, situate at Kealakaha, Hamakua, Hawaii.

"And these pieces of land above described, the rights and
benefits therefrom (maluna iho) is what I do now convey to Ma-
raea Kealia Harbottle (w) and William Harbottle (k) her hus-
band for their lifetime and at their death all these things shall
revert to me and my heirs and this instrument shall become null
and void."

It is agreed that under the first of these clauses Rawlins con-
veyed back to his grantors a life estate in the 7200 square feet of
land described and that they are entitled to the possession of the
same. The Hamakua land, also, is not in controversy in this
action. The construction of clause 2 and of the paragraph last
quoted, which for convenience will be herein referred to as
clause 4 although not so marked in the original, is the matter
upon which an adjudication is sought. The defendants contend
(a) that clause 4 specifically grants, for life, all of the three pieces
of land referred to earlier in the instrument together with all the
income and use thereof and consequently that the right of pos-
session of the whole is in them; but, if this view does not pre-
vail, (b) that clause 2 grants to them for life the income of one
half of the land and that, as matter of law, this must be held to
be a conveyance of one half of the land itself, for life. The
plaintiff, on the other hand, claims that clause 4 is merely the
habendum not varying in any respect the grant or agreements
already expressed, and that clause 2 is merely a personal cove-
nant by Rawlins to pay to the other parties one half of the in-
come, or, possibly, of the rental value, of the land there de-
scribed, the right to possession being reserved to Rawlins.

(Plaintiff expressly admits that the language of the clause, in Hawaiian, secures to the Harbottles one half and not one fourth of the income.

We are of the opinion that clause 4 was intended as a habendum merely, referring in a general way to the provisions of the preceding clauses, and that it was not intended thereby to express any additional agreement between the parties or to make any provision inconsistent with what already preceded it. Clauses 1, 2 and 3 set forth in detail the understanding and agreement of the parties concerning the three pieces of land. Clause 4, so called here, is not so numbered in the original, thus tending to show that it was of a different nature from those marked 1, 2 and 3. The "rights and benefits" referred to in clause 4 are clearly those provided for in clauses 2 and 3. The use of the plural in the phrase "these pieces of land," if by that expression reference was intended to be made solely to the land and not to the "rights and benefits," was, we believe, a grammatical error; but perhaps these words together with the words "rights and benefits" were used in a general way to cover all that had been set out in the preceding paragraphs. But even if clause 4, correctly read, did purport to grant all three pieces of land, for life, without other limitation, we should hold that it could not prevail in view of the fact that the instrument as a whole clearly shows that it was not the intention of the parties to make such a conveyance. The life estate could at best be of one half only of two of the pieces of land.

Clause 1, containing apt words for that purpose, conveys a life estate in the smaller piece of land. The language of clause 2 is different and does not contain apt words of grant or conveyance. It is simply an agreement by Rawlins to pay to the other parties one half of the income of the land. It does not follow that we must hold from this as matter of law that one half of the land itself with the right of possession, was conveyed. The rule that a grant of the rents and profits of land carries with it the land itself, is one sometimes adopted in aid of the intent of the grantor, i. e., on the theory that it must have been the intention to grant the land itself in order to enable the grantee to fully

make use of the rents and profits. Where, however, from the instrument under consideration it expressly appears that the intent of the grantor was not to part with the possession, such intent must be given effect, unless, indeed, to do so would be contrary to some rule of law. The language of the instrument in the case at bar shows, we think, that it was the intention that Rawlins should reserve possession. The difference in the wording of clauses 1 and 2 has been already noted. There is, further, the provision as to improvements. If clause 2 should be construed as contended for by the defendants, that provision would be rendered nugatory and of no effect. The contribution there contemplated to be made by the defendants was to the cost of buildings and improvements erected by the plaintiff on any part of the whole land.

The portion of the land which it was agreed should remain in the possession of the defendants, was clearly described by metes and bounds. Had it been understood or intended that they were to have possession of another portion of the land, it would be natural to expect that that, too, would have been similarly described and that the conveyance would have been expressed in equally clear language.

The exceptions are overruled.

*Robertson & Wilder* for plaintiff.

*J. A. Magoon* and *Peterson & Matthewman* for defendants.